# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTION CAPITAL, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>IP CO., LLC, a Georgia limited liability company ,<br><br>Defendant. | CASE NO. 18-cv-1880-L-WVG<br><br>**ORDER DENYING DEFENDANT GLOCOM INC.'S MOTION TO DISMISS [DOC. 37]** |

Pending before the Court is Defendant Glocom, Inc.'s ("Glocom") motion to dismiss the fourth claim of Plaintiff Protection Capital, LLC's ("PPC") Second Amended Complaint ("SAC"), Tortious Interference with Contract, pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 37. Pursuant to Civil Local Rule 7.1.d.1, the Court has decided this motion without oral argument. For the following reasons, the Court **DENIES** Glocom's motion to dismiss.

## Background

This case arises from Defendant IP Co., LLC's ("IPCO") failure to continue payments to PPC pursuant to a Convertible Promissory Note and a Note Purchase Agreement the two parties executed on April 30, 2007. Under the Note, IPCO had access to unsecured loans of up to a maximum aggregate value of $500,000 between 2007 and 2012. Under the Purchase Agreement, IPCO and its affiliates

1

were required to pay PPC five percent (5%) of all "products, proceeds and amounts received" with respect to the intellectual property identified in the Purchase Agreement. Between 2008 and 2017, IPCO remitted the five percent (5%) owed to PPC under the Purchase Agreement without any form of protest or reservation of rights.

In 2017, Glocom purchased 100% of IPCO's membership interests with knowledge of IPCO's continuing financial obligations to PPC under the Note and Purchase Agreement. PPC alleges that, after Glocom's acquisition of 100% of IPCO's membership interest, Glocom instructed IPCO to breach its financial obligations to PPC under the Purchase Agreement. Due to IPCO's failure to pay PPC since the Glocom acquisition, it is alleged that between $150,000 and $500,000 is owed by IPCO to PPC at the time the original complaint was filed. PPC has since provided IPCO with written notice of default and demand for payment.

On August 8, 2018, PPC filed the original complaint against IPCO. Subsequently, the Court found good cause to grant PPC leave to amend its complaint twice. *See* Docs. 20, 26. PPC filed the operative Complaint on May 31, 2019, alleging Glocom is liable for Tortious Interference with Contract and seeking exemplary and punitive damages for intentional conduct. On July 22, 2019, Glocom filed the instant motion, seeking to dismiss the tortious interference claim and the SAC as to Glocom. This motion has been fully briefed and is ready for disposition.

## **Legal Standard**

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails

to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). Even if doubtful in fact, factual allegations are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted). On the other hand, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, the Court does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Nevertheless, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556

U.S. at 679.

To state a claim for intentional interference with contract, a plaintiff must plead (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *See Reeves v. Hanlon*, 33 Cal.4th 1140, 1148 (2004).

## **Discussion**

Under California law, tortious interference with contract may only be maintained against "stranger[s] to a contract" or "noncontracting parties." *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 514 (1994). This "protect[s] the expectations of contracting parties against frustration by *outsiders* who have legitimate social or economic interest in the contractual relationship." *Id.* "[U]nder California law, the pertinent economic relationship is the one that exists between the two contracting parties." *United Nat'l Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1007 (9th Cir. 2014). The contracting parties have the "direct interest or involvement in that relationship." *Marin Tug & Westport Petroleum, Inc.*, 271 F.3d 825, 832 (2001). California thus recognizes a cause of action sounding in tort against noncontracting parties who interfere with the performance of a contract. *Woods v. Fox Broad. Sub., Inc.*, 28 Cal.Rptr.3d 463, 469 (Cal. Ct. App. 2005).

Glocom contends that it cannot be considered a stranger to the Note or Note Purchase Agreement after it acquired 100% membership interest in IPCO in November 2017. Doc. 37 at 5. Specifically, Glocom asserts that it obtained "Affiliate" status pursuant to the Purchase Agreement because it "owns or controls directly or indirectly such Person [IPCO][.]" *Id.* Notwithstanding its economic interest in the contract after acquiring its membership interest, Glocom was not a contracting party here. As such, Glocom is not immune to PPC's

4

tortious interference with contract claim.

Glocom also contends that PPC inappropriately relies on *Asahi Kasei Pharma Corp. v. Actelion Ltd.*, 222 Cal.App.4th 945 (Cal. Ct. App. 2013) to allege that Glocom can be held liable for tortious interference with contract. Doc. 37 at 5-6. In *Asahi*, defendant Actelion similarly asserted that it could not be held liable for tortious interference with contract because it acquired CoTherix, a party with whom Asahi agreed to develop their drug—Fasudil, before Actelion and CoTherix shelved the drug's development. *See Asahi*, 222 Cal.App.4th at 952. However, the California Court of Appeal found that Actelion's broad reading of *Applied Equipment* unpersuasive because it admitted that no contract existed between it and Asahi and that Actelion did not assume the contract between Asahi and CoTherix. *Id.* at 967-68. Here, while Glocom makes no admission like Actelion, the facts readily indicate a similar contractual posture. There is no contract between Glocom and PPC. Granted Glocom acquired 100% membership interest in the IPCO's contract rights, it failed to represent that it assumed the contract with PPC *in toto*. Moreover, a plain reading of the Purchase Agreement reveals that Glocom's acquisition of IPCO's interest does not create a contractual relationship with PPC on its own. As such, the Court finds that Glocom is a stranger to the contract between PPC and IPCO. Therefore, Glocom can be held liable for tortious interference with contract.

## Conclusion

For the foregoing reasons, Glocom's motion to dismiss [doc. 37] is DENIED.

Date: January 14, 2020

Hon. M. James Lorenz
United States District Judge