UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTION CAPITAL, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>IP CO., LLC et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv1880-L-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER CERTIFYING PARTIAL JUDGMENT AND DENYING AS MOOT DEFENDANT GLOCOM, INC.'S MOTION TO SEVER OR BIFURCATE**<br><br>**(ECF NOS. 55, 62)** |

　　　　Pending before the Court in this breach of contract and tort action are Defendant Glocom, Inc.'s ("Glocom") motion to sever pursuant to Federal Rule of Civil Procedure 21 or, alternatively, bifurcate pursuant to Rule 42 (ECF No. 55), and Plaintiff Protection Capital, LLC's motion for an order certifying judgment against Defendant IP Co., LLC ("IPCO") as final pursuant to Rule 54(b) (ECF No. 62). Plaintiff does not oppose Glocom's motion if Plaintiff's motion is denied,. (*See* ECF No. 57.)  IPCO filed a notice of non-opposition to Plaintiff's motion (ECF No. 63) and Glocom did not respond.  For the reasons with follow, Plaintiff's motion is granted.  Glocom's motion is denied as moot.

/ / / / /

This action arises from IPCO's failure to continue making payments to Plaintiff pursuant to a Convertible Promissory Note and a Note Purchase Agreement executed on April 30, 2007 (collectively, "Agreement"). In 2017, Glocom acquired an interest in IPCO. After the acquisition, IPCO stopped making payments as required by the Agreement. In its operative complaint, Plaintiff alleged claims for breach of contract against IPCO, accounting against IPCO, declaratory relief against IPCO, and tortious interference with contract against Glocom. (ECF No. 31.) Subsequently, Plaintiff moved for summary adjudication of all claims against IPCO and prevailed. (*See* Order Granting Pl's Mot. for Partial Summ. J., ECF No. 56 ("Summary Judgment Order").) The sole claim against Glocom was not included in Plaintiff's motion and remains pending.

The parties are in agreement that Plaintiff's claims against Glocom should proceed separately from its claims against IPCO. Glocom filed a motion to sever or bifurcate the claim for interference from the remainder of the case. Separately, Plaintiff filed a motion pursuant to Rule 54 to certify a final judgment on its claims against IPCO, thus effectively separating the claim against Glocom from the claims against IPCO.

Rule 54(b) provides in pertinent part as follows:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(Emphasis in original.) The power to enter partial final judgment is "to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507

/ / / / /

U.S. 258, 265 (1993)(citations and quotation marks omitted). In *Morrison-Knudsen Co., Inc. v. Archer*, the Ninth Circuit elaborated on the requirements of Rule 54(b):

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

655 F.2d 962, 965 (9th Cir. 1981); *see also Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005).

All liability issues against IPCO have been resolved on summary judgment. Further, the Court awarded requested accounting and declaratory relief as well as breach of contract damages through 2018. (Summary Judgment Order at 9.) The parties have stipulated to damages through the first quarter of 2020, and IPCO has made four payments toward damages and interest. (*See* Decl. of Stephen T. Erb, ECF No. 57-1; Decl. of Christopher B. Ghio, ECF No. 63-1; Pl.'s Supp. Reply, ECF No. 66.)

The issues raised by Plaintiff's claim against Glocom for interference with contract do not substantially overlap with the breach of contract claim or the derivative accounting and declaratory relief claims against IPCO. The only disputed issue with respect to these claims was IPCO's unconscionability defense, which was adjudicated on summary judgment. The unconscionability analysis addressed the circumstances between Plaintiff and IPCO at the time of contract formation in 2007; whereas, the interference claim is based on the facts surrounding Glocom's acquisition of an interest in IPCO in 2017. The only overlapping legal issue is contract validity, an issue IPCO did not dispute at

summary judgment. Accordingly, should any party choose to appeal, the possibility of duplicative factual or legal issues on appeal is slim and does not weigh against entering a partial judgment.

There appears to be no just cause for delay in reducing the adjudicated claims to judgment. Given IPCO's past breach, Plaintiff desires to enforce its right to payment of previously due amounts. Plaintiff also wishes to rely on the judgment in this case as *res judicata* if IPCO breaches the Agreement again in the future. A delay in entering judgment until adjudication of the tort claim against Glocom could potentially impair Plaintiff's ability to collect on the already adjudicated claims against IPCO.

Based on the foregoing, the Court finds that the risks of overlapping appeals is outbalanced by Plaintiff's need for entry of judgment against IPCO. Accordingly, Plaintiff's motion for an order certifying judgment under Rule 54(b) against IPCO is granted. Glocom's motion to sever or bifurcate is denied as moot. No later than **November 12, 2020,** Plaintiff shall file a notice of proposed judgment signed by Defendants as to form. A proposed judgment shall be submitted concurrently in compliance with Electronic Case Filing Administrative Policies and Procedures § 2(h). Any objections to the proposed judgment shall be filed no later than **November 17, 2020**.

**IT IS SO ORDERED.**

Dated: November 9, 2020

_____
Hon. M. James Lorenz
United States District Judge